UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>MICHAEL J. POLNETT,<br><br>                    Defendant. | CASE NO. CR11-5080RJB<br><br>ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582 (C)(1) |

This matter comes before the Court on the above-referenced motion (Dkt. 184). The Court is familiar with the records and files herein and all documents filed in support of and in opposition to the motion. The Court is fully advised.

Defendant was convicted of "Felon in Possession of a Firearm" (Count 1) and two counts of "Distribution of Oxycodone" (Counts 2 and 3), and was sentenced to 262 months on Count One and 60 months on Counts 2 and 3, all to be served concurrently. He was also sentenced to five years of supervised release. He has now served approximately 128 months and has a current release date of January 3, 2029.

Defendant has fulfilled all of his prerequisites to his motion, and has completed his prison sentences on Counts 2 and 3.

ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582 (C)(1) - 1

Defendant claims that, due to changes in case law, his sentence is now unfair because, under the current law, he does not qualify for the 15-year mandatory minimum under 18 U.S.C. § 924(e), nor does he qualify for the sentence imposed which was over the maximum sentence of ten years under 18 U.S.C. § 924(a)(2). He claims that this is so because under current law, he does not have three previous convictions for a violent felony or a serious drug offense as required by § 924(e).

DISCUSSION

First, the Court must determine whether this Court has the authority to resolve the issues presented, or whether Defendant's claims may only be considered in a *habeas corpus* proceeding.

*United States v Aruda*, 993 F.3d 797 (9th Cir. 2021) resolved the issue of the Court's general authority under 18 U.S.C. § 3582(c)(1)(A). In applying the statute, the Court can consider any reasons that are extraordinary and compelling.

The cases from other circuits are divided on the *habeas corpus* issue, but it appears to this Court and the Court finds, that the better analysis is from the Fourth Circuit in *United States v McCoy*, 981 F.3d 271 (4th Cir. 2020).

This Court also thinks that what is "extraordinary and compelling" should be considered from the real, practical, world of crime and criminals, prisons and prosecution, citizens, and victims, and judges, seeking justice for all, and not only from a hyper-technical legal approach. The terms "extraordinary and compelling" should be applied in their ordinary meaning, and within that application, there is room for substantial differences of opinion, of which the Court must be the final arbiter (subject to appeal, of course).

1    The Court agrees with Defendant's view that his robbery conviction is not a crime of
2 violence under the categorical approach to be used in analyzing that question.
3    In Defendant's Reply (Dkt. 191) at page 2, Defendant says, "Next, the Government
4 agrees that Mr. Polnett's conviction for Conspiracy to Deliver Cocaine is no longer a qualifying
5 ACCA predicate." The Court could not find such an agreement in the file, but it appears to the
6 Court that there are no longer the three predicate offenses required under the statute.
7    It further appears to the Court that neither the discussion of extortion, which was not the
8 basis for the sentence, nor the discretional United States Sentencing Guidelines, are of much
9 relevance. The question is whether the sentence imposed is greater than what the current
10 sentence would be as the law stands today.
11    So, Mr. Polnett got 262 months for offenses that now have a maximum of 120 months,
12 and he has served approximately 128 months – already eight months more than he would have
13 served under current law.
14    Is that extraordinary? Is that compelling? In this Court's view, the answer is "yes" to
15 both questions.
16    That finding does not end the inquiry. What should the Court do about this apparent
17 injustice? The 18 U.S.C. § 3553 factors guide that issue.
18    Defendant's offenses were serious, and called for a serious sentence that reflects that
19 seriousness. Ten years is such a sentence, and reflects respect for the law and provides just
20 punishment.
21    The Defendant has been deterred from criminal activity for many years, and his progress
22 in prison has likely deterred him from further criminal activity, so the public has been protected
23
24

in the past, and his prison progress indicates that Defendant has made changes that will protect the public in the future.

Defendant has taken advantage of what rehabilitation services are available in the prison system and presents an adequate release plan and an excellent chance for good employment. Although not a separate basis for sentence reduction, his rehabilitation has been extraordinary. (*See* Defendant's Renewed Motion, Dkt. 184 at 18 & Probation's Compassionate Release Memorandum, Dkt. 173).

Furthermore, also not a separate basis for sentence reduction, but compelling, is Defendant's physical and mental condition. (*See* Defendant's Renewed Motion, Dkt. 184 at 3-4 & Probation's Compassionate Release Memorandum, Dkt. 173).

ORDER

For all of the foregoing reasons, it is now

ORDERED that Defendant's Renewed Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 (C)(1) is hereby GRANTED. It is further

ORDERED that Defendant's term of imprisonment shall be reduced to time served and he shall be released 14 days from the date of this Order to accommodate a quarantine period with the Federal Bureau of Prisons. If Defendant tests COVID-19 positive at any time during this quarantine period, the Bureau of Prisons will notify the government who will immediately notify the Court so the Order can be modified appropriately.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 13th day of September, 2021.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582 (C)(1) - 5